# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Asia Taylor-Fludd as Next Friend, Parent and Natural Guardian of T.F., a Minor Child Under the Age of Fourteen, <br><br> Plaintiffs, <br> v. <br><br> Charleston County School District, South Carolina Department of Social Services and Deangela Ilbert Garcia, <br><br> Defendants. | Case No.: 2:24-cv-06554-RMG <br><br><br> **COMPLAINT** <br> *Jury Trial Demanded* |

Plaintiff alleges:

## THE PARTIES

1.  Plaintiff T.F. is a minor residing with his next friend, parent and natural guardian, Jomel Fludd, in Charleston County, South Carolina.

2.  Plaintiff Asia Taylor-Fludd brings this action on her own behalf and as next friend of Plaintiff T.F.[1]

3.  Defendant Charleston County School District ("CCSD") is an agency, political subdivision and/or government entity within the meaning of the South Carolina Tort Claims Act (S.C. Code Ann. § 15-78-10, et seq.), operating in the County of Charleston, State of South Carolina and at all relevant times was responsible for the actions of its agents, staff, personnel, and employees; and said agents, staff, personnel, and employees were acting within the course and scope of their employment, relationship with Defendant and under color of law.

---

[1] From this point forward, "Plaintiff" is used in place of T.F.

1

4.      Defendant CCSD is responsible for education services and/or programs in Charleston County, South Carolina. It is also responsible for ensuring that the individuals supervising and administering these programs knew, understood and followed the laws and policies governing the treatment of its students. During the present action, Defendant CCSD controlled and maintained Midland Park Primary School, a school within Charleston County, South Carolina. Moreover, Defendant CCSD is and was responsible for the training, discipline and supervision of teachers, aides, therapists, and other education personnel at Midland Park Primary School. Accordingly, Defendant CCSD is liable for Defendant Deangela Ilbert Garcia's misconduct described more fully herein via the doctrine of *respondeat superior*, by statute and/or other legal avenues.

5.      Defendant South Carolina Department of Social Services ("DSS") is an agency, political subdivision and/or government entity within the meaning of the South Carolina Tort Claims Act (S.C. Code Ann. § 15-78-10, et seq.), with its primary place of business in the County of Richland, State of South Carolina. Defendant DSS operates in all counties within South Carolina, including the County of Charleston.

6.      Upon information and belief, Defendant DSS funds and oversees Head Start Programs in the State of South Carolina, including but not limited to those at Midland Park Primary School.

7.      Defendant Deangela Ilbert Garcia ("Garcia") is an individual and resident of Dorchester County, South Carolina. At all material times herein, Defendant Garcia was employed by Defendants CCSD and/or DSS as a teacher and/or aid and was further empowered to instruct, supervise and assist students at Midland Park Primary School, including Plaintiff.

JURISDICTION

8. Jurisdiction in this case is based on the existence of a federal question pursuant to 28 U.S.C. § 1331. This action arises under the United States Constitution and the laws of the United States, and is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132, etc.

9. Jurisdiction is also proper under 28 U.S.C. § 1343(A)(3), which provides that district courts have original jurisdiction over claims "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court, Charleston Division, as this is the district where several Defendants reside and "a substantial part of the events or omissions giving rise to the claim occurred[.]"

FACTS

11. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

12. Plaintiff is currently 4 years-old and was 3 years-old when the subject incident occurred.

13. At all times relevant herein, Plaintiff was a student at Midland Park Primary School, a school within Charleston County School District.

14. At all times relevant herein, Plaintiff was placed in a classroom with two teachers and/or aids, Defendant Garcia and Danielle White.

15. On January 23, 2023, Defendant Garcia physically abused Plaintiff, such that he suffered severe physical, psychological and emotional damages.

16. Given her superior size and strength in comparison to Plaintiff, Defendant Garcia knew or should have known that her conduct would cause Plaintiff severe mental anguish, psychological harm and physical suffering.

17. One of Defendants' employees, Gisela Rentas, witnessed the subject incident via security footage.

FIRST CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983 – Excessive Force: As to Defendant Garcia)

18. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

19. Plaintiff has a constitutional right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures.

20. The use of physical force and/or violence has been found to be so extremely detrimental to the mental and physical health of children that it has been prohibited by the South Carolina Department of Education.

21. Plaintiff has a constitutionally protected right to be secure in his person and to maintain his bodily integrity against unreasonable assaults and battery of his person and/or excessive force.

22. Defendant Garcia, in physically assaulting and battering Plaintiff, subjected Plaintiff to excessive, unreasonable and unnecessary physical force, which proximately caused Plaintiff serious and severe physical and long-term psychological harm.

23. Defendant Garcia's use of force was unreasonable in light of Plaintiff's age and disability in the circumstances of the subject incident.

24. Defendant Garcia's above-described actions had no pedagogical or disciplinary purpose.

25. Defendant Garcia's actions were committed under the color of law.

26. Defendant Garcia's actions proximately caused Plaintiff damages in that he suffered severe physical and mental pain during the subject incident and continues to suffer from ongoing and continuous psychological injury and will suffer from psychological injury in the future.

27. Defendant Garcia's above-described actions deprived Plaintiff of the securities, rights, privileges, and immunities secured by the Constitution of the United States of America and caused him other damages in an amount to be proven at trial.

28. Defendant Garcia's above-described actions violated the clearly established rights of Plaintiff, which reasonable people in Defendant Garcia's position knew or should have known.

29. In the alternative, Defendant Garcia's actions were willful, wanton, reckless and/or were conducted with actual malice towards Plaintiff or with a reckless disregard to the health, safety and welfare of others, including Plaintiff.  Accordingly, Plaintiff is entitled to recover punitive damages.

SECOND CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983 – Substantive Due Process: As to Defendant Garcia)

30. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

31. Plaintiff has a liberty interest and constitutional right under the Fourteenth Amendment of the United States Constitution to be free from unnecessary and unreasonable force, violations of his bodily integrity, or intentional, reckless or deliberately indifferent or oppressive conduct that causes emotional or psychological harm.

32. Defendant Garcia deprived Plaintiff of his liberty interest, right to be free of violations of his bodily integrity, right to be free from excessive and unnecessary force by physically abusing Plaintiff.

33. The force applied by Defendant Garcia was severe given Defendant Garcia's superior size to Plaintiff. It was disproportionate to any alleged disciplinary or pedagogical purpose.

34. Defendant Garcia's above-described actions were inhumane, and would shock the conscious of any reasonable person, especially considering the size difference between Plaintiff, a small child, and Defendant Garcia, an adult.

35. Defendant Garcia could not help but know that Plaintiff would be injured physically and psychologically by the abuse.

36. Defendant Garcia's above-described actions were committed under the color of law.

37. Defendant Garcia proximately caused Plaintiff's damages in that he suffered severe physical and mental pain during the subject incident and continues to suffer from ongoing and continuous psychological injury and will suffer from psychological injury in the future.

38. Defendant Garcia's above-described actions deprived Plaintiff of the securities, rights, privileges and immunities secured by the Constitution of the United States of America and caused him other damages in an amount to be proven at trial.

39. Defendant Garcia's above-described actions violated the clearly established rights of Plaintiff of which reasonable people in Defendant Garcia's position knew or should have known.

40. In the alternative, Defendant Garcia's actions were willful, wanton, reckless and/or were conducted with actual malice towards Plaintiff or with a reckless and outrageous disregard to the health, safety and welfare of others, including Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages.

THIRD CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983 – Procedural Due Process: As to Defendant Garcia)

41. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

42. The Fourteenth Amendment to the United States Constitution provides that Plaintiff shall not be deprived "of life, liberty, or property without due process of law[.]"

43. Plaintiff has a property interest in educational benefits.

44. Due to Defendant Garcia's actions described herein, Plaintiff became fearful of teachers and/or paraprofessionals, and Plaintiff's parents feared for Plaintiff's safety at Midland Park Primary School.

45. Given Defendant Garcia's conduct and Defendants' failure to provide a safe and appropriate classroom setting, Plaintiff was deprived of educational benefits for a significant period of time.

46. Defendant Garcia's above-described actions were committed under the color of law.

47. Defendant Garcia's above-described actions intentionally deprived Plaintiff of the securities, rights, privileges and immunities secured by the Constitution of the United States of America and caused him other damages in an amount to be proven at trial.

48. Defendant Garcia's above-described actions violated the clearly established rights of Plaintiff of which reasonable people in Defendant Garcia's position knew or should have known.

49. In the alternative, Defendant Garcia's actions were willful, wanton, reckless and/or conducted with actual malice towards Plaintiff or with a reckless disregard to the health, safety

and welfare of others, including Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages.

## FOURTH CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983 – Cruel and Unusual Punishment: As to Defendants)

50. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

51. Defendants created a special relationship with Plaintiff when they became responsible for his care and control while he was attending Midland Park Primary School. By virtue of such relationship and responsibilities, Plaintiff thereafter had a Fourteenth Amendment right to affirmative protection by and from Defendants.

52. Defendants' actions or inactions were committed under the color of law.

53. Defendants deprived Plaintiff of his Fourteenth Amendment rights and failed to fulfill their common law and statutory duties to not excessively discipline Plaintiff as imposed by the Fourteenth Amendment of the United States Constitution, S.C. Reg. 43-279 and S.C. Code Ann. § 59-63-110.

54. Defendants' above-described actions or inactions deprived Plaintiff of the securities, rights, privileges and immunities secured by the Constitution of the United States of America and caused him other damages in an amount to be proven at trial.

55. Defendants' above-described action or inactions violated the clearly established rights of Plaintiff of which reasonable people in Defendants' position knew or should have known.

## FIFTH CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983: As to Defendants CCSD & DSS)

56. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

57. Plaintiff has a constitutional right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures. Plaintiff has a constitutional protected right to

8

be secure in his person and to maintain his bodily integrity against unreasonable assaults and battery of his person.

58. Plaintiff has a liberty interest and constitutional right under the Fourteenth Amendment of the United States Constitution to be free from unnecessary or unreasonable force, violations of his bodily integrity, or intentional, reckless or deliberately indifferent or oppressive conduct that causes emotional or psychological harm.

59. The Fourteenth Amendment to the United States Constitution provides that Plaintiff shall not be deprived "of life, liberty, or property without due process of law[.]"

60. Plaintiff has a property interest in educational benefits.

61. Defendants should have known the South Carolina Department of Education policies and state law forbids the use of physical force or restraint likely to cause physical harm to students. Upon information and belief, Defendants nevertheless condoned this practice.

62. Defendants had a policy, custom or practice of failing to adequately train or supervise its faculty in the use of appropriate, non-violent behavior intentions. This failure to train and supervise, as well as to condone, and the resulting use of arbitrary excessive force and unreasonable seizure, violated Plaintiff's constitutional rights.

63. Defendants should have known that its policies, customs or practices were ineffective and that those practices would result in Plaintiff being unable to return to school without fear, causing Plaintiff to lose educational benefits and violating Plaintiff's constitutional rights.

64. Upon information and belief, Defendants' inadequate response to its actual or constructive knowledge regarding Defendant Garcia's misconduct demonstrated reckless, deliberate indifference to Plaintiff's constitutional rights and tacit authorization of Defendant Garcia's misconduct.

65. Defendants knew or should have known that its failure to protect Plaintiff from Defendant Garcia and its failure to promptly remedy the situation and provide a safe educational environment would result in Plaintiff being denied his constitutional right to free, public education.

66. Defendants' actions or inactions, policies, customs and practices were the proximate cause of Plaintiff's injuries, including without limitation physical and mental pain sustained during the subject incident, ongoing and continuous psychological injury, and future pain and psychological injury.

67. Defendants' actions or inactions were committed under the color of law.

68. Defendants' above-described actions or inactions deprived Plaintiff of the securities, rights, privileges and immunities secured by the Constitution of the United States of America and caused him other damages in an amount to be proven at trial.

69. Defendants' above-described action or inactions violated the clearly established rights of Plaintiff of which reasonable people in Defendants' position knew or should have known.

SIXTH CAUSE OF ACTION
(State Constitutional Tort: As to Defendants)

70. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

71. Defendants' actions or inactions violated the constitutional rights guaranteed to Plaintiff under Article XI of the Constitution of the State of South Carolina.

72. Article XI of the Constitution of the State of South Carolina requires a thorough and efficient system of free schools. It is well-settled that the education of children such as Plaintiff is a fundamental constitutional right.

73. Defendant Garcia unlawfully subjected Plaintiff to excessive and unnecessary physical assaults and batteries, and thus caused serious injuries and long-term psychological harm. Physically assaulting and battering Plaintiff was an unreasonable and unlawful seizure of Plaintiff.

Physically assaulting and battering Plaintiff was objectively unreasonable and shocking to the conscious in light of the facts and circumstances.

74. Plaintiff has a substantive and procedural due process right to be free of deprivation of liberty and assaults on his bodily integrity without due process of the law, as well as a legitimate entitlement to public education as a property interest. Defendants' actions deprived Plaintiff of the right to be free from unlawful deprivations of liberty, property, and bodily integrity without due process of law. Public school students have a constitutionally protected right to be free of physical abuse from Defendants' employees. The abuse suffered by Plaintiff was an unlawful violation of his constitutionality protected right to liberty and property.

75. Defendants compromised Plaintiff's interest in his public education when they knowingly permitted, authorized, and sanctioned Defendant Garcia's conduct by attempting to keep Plaintiff in a hostile environment that was not conducive to a meaningful education.

76. Defendants knew or should have known that subjecting Plaintiff to a hostile classroom environment would cause him physical and emotional harm and that it could cause lasting, long-term harm to Plaintiff.

77. Defendants' actions or inactions proximately caused Plaintiff's damages in that he suffered severe physical and mental pain during the incident and continues to suffer from ongoing and continuous psychological injury and will suffer from pain and psychological injury in the future.

78. Defendants' actions or inactions were conducted in the color of law.

79. Defendants' above-described actions or inactions deprived Plaintiff of the securities, rights, privileges and immunities secured by the South Carolina Constitution, and caused him other damages in an amount to be proven at trial.

80. Defendants' above-described actions or inactions violated the clearly established rights of Plaintiff of which reasonable people in Defendants' position knew or should have known.

81. Defendants' above-described actions or inactions also violated the constitutional rights guaranteed to Plaintiff under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

82. In the alternative, Defendants' actions were willful, wanton, reckless and/or were conducted with actual malice towards Plaintiff, or with a reckless and outrageous disregard to the health, safety and welfare of others, including Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages.

## SEVENTH CAUSE OF ACTION
(Violation of 42 U.S.C. § 1985: As to Defendants CCSD & DSS)

83. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

84. Defendants' employee, Gisela Rentas, witnessed the subject incident.

85. Upon information and belief, Defendants' employee, Ms. White, had prior knowledge of Defendant Garcia's abuse of students.

86. When Plaintiff's parents spoke with Defendants about the subject incident, they were informed Defendants would be internally investigating the subject incident and were led to believe this was not the first and/or only instance of similar conduct by Defendant Garcia.

87. Defendants conspired and entered into express and/or implied agreements, understandings and/or meetings of the minds among themselves for the purpose of impeding, hindering, obstructing and defeating the due course of justice in the State of South Carolina, with the intent to deny others, including Plaintiff, the equal protection of the laws.

88. Under the color of law, and with actual malice, Defendants did in fact impede, hinder, obstruct and defeat Plaintiff's due process and equal protection rights under the Fourteenth

12

Amendment of the United States Constitution. This was a direct and foreseeable consequence of Defendants' conspiracy.

89. Defendants are liable under 42 U.S.C. § 1985 to Plaintiff and at South Carolina common law for the injuries described herein.

EIGHTH CAUSE OF ACTION
(Violation of 42 U.S.C. § 1986: As to Defendants CCSD & DSS)

90. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

91. 42 U.S.C. § 1986 provides: "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented...."

92. Defendants are "persons" as that term is used in 42 U.S.C. § 1986.

93. Defendants had knowledge of Defendant Garcia's misconduct and/or abuse of students, including Plaintiff, and Defendants had the power and duty to prevent such wrongful acts, however, Defendants neglected to do so.

94. Defendants are liable under 42 U.S.C. § 1986 to Plaintiff and at South Carolina common law for the injuries described herein.

95. Defendants conduct was a direct and proximate case of the deprivation of Plaintiff's liberty, property and equal protection under the law, harms and losses, including, but not limited to, physical abuse, severe mental and emotional distress, fear, humiliation, loss of enjoyment of life, anxiety and psychological suffering.

96. Defendants' conduct was intentional, malicious, fraudulent and shows a reckless disregard of the constitutional rights, safety and health of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

**VANNOY LAW OFFICE**

R. Brady Vannoy, Esq.
Fed ID: 10292
brady@bradyvannoy.com
105 Carolina Avenue
Moncks Corner, SC 29461
843.761.0610 (Main)

-and-

**PARKER LAW GROUP, LLP**

*s/Chelci S. Avant*
Chelci S. Avant, Esq.
Fed ID: 13177
cavant@parkerlawgroupsc.com
101 Mulberry Street East
Post Office Box 487
Hampton, SC 29924
803.903.1781 (Main)

**ATTORNEYS FOR PLAINTIFF**

November 18, 2024
Hampton, South Carolina