# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Asia Taylor-Fludd as Next Friend, Parent And Natural Guardian of T.F., a Minor Child Under the Age of Fourteen,<br><br>    Plaintiff,<br> v.<br><br>Charleston County School District, South Carolina Department of Social Services and Deangela Ilbert Garcia,<br><br>    Defendants. | Case No. 2:24-cv-06554-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Motion to Dismiss filed by Defendant Charleston County School District ("CCSD") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Motion is denied.

**I.  Background**

Plaintiffs, parent of the minor T.F, brings the instant suit against Defendants Charleston County School District, South Carolina Department of Social Services ("DSS"), and Deangela Garcia. Plaintiff alleges that while T.F., then three years old, was subjected to physical abuse by Defendant Garcia while enrolled in a Head Start program funded by DSS and operated within a facility under the purview of CCSD. (Dkt. 1 at 1-2). Plaintiff alleges that on January 23, 2023, Defendant Garcia physically abused T.F., such that he suffered severe physical, psychological, and emotional damages. (Dkt. No. 1 ¶15).

The complaint asserts claims against CCSD for violations of 42 U.S.C. § 1983 and negligence.[1] Defendant CCSD moves to dismiss Plaintiff's suit for lack of subject-matter

---

[1] In their reply to Defendant's Motion to Dismiss, Plaintiff withdrew four other counts against Defendant CCSD. (Dkt. No. 31 at 15-16).

1

jurisdiction due to state sovereign immunity and failure to state a claim upon which relief can be granted.[2]

## II.  Legal Standard

### A.  Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) ... does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

---

[2] Defendant originally also moved to dismiss Plaintiff's claims under the doctrine of Eleventh Amendment Immunity but withdrew that issue for further briefing at a later time. (Dkt. No. 36 at 2).

III. **Discussion**

   A. **12(b)(1) Motion to Dismiss Pursuant to the South Carolina Tort Claims Act**

Defendant invokes several exceptions to the waiver of sovereign immunity set forth in the South Carolina Tort Claims Act ("the Act") to dismiss Plaintiff's state tort claim for negligence. Defendant is a "governmental entity" within the meaning of the Act. See S.C. Code Ann. § 15-78-30(d) (defining "governmental entity" as "the State and its political subdivisions"); (Id. § 15-78-30(h)) (defining "political subdivision" as "counties, municipalities, [and] school districts...."). Plaintiff acknowledges that Defendant is a governmental entity under the Act. (Dkt. No. 13 ¶ 3)

The remedy provided by the Act is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b). *Flateau v. Harrelson*, 584 S.E.2d 413, 416 (S.C. Ct. App. 2003) (quoting S.C. Code Ann. § 15-78-20(b)). For a given tort under the Act, the governmental entity of the employee is liable but not both. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable and the plaintiff must sue the governmental agency itself. *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (citing S.C. Code § 15-78-70(a)). However, if the plaintiff proves that "the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, then the governmental agency is not liable, and the employee is personally liable." *Id*.

The Act waives sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties. S.C. Code Ann. § 15-78-40. It contains numerous exceptions to the waiver of immunity that shields a governmental entity from liability for a loss resulting from certain conduct. *Id*. § 15-78-60(1), (2),

(3), (4), (17), (23). The burden of establishing a limitation on liability or an exception to the waiver of immunity is upon the governmental entity asserting it as an affirmative defense. *City of Hartsville v. S.C. Mut. Ins. & Risk Fin. Fund*, 677 S.E.2d 574 (S.C. 2009); *Pike v. S.C. Dep't of Transp.*, 540 S.E.2d 87, 90 (S.C. 2000).

Defendant argues sections 15-78-60 (1), (2), (3), (4), (17), and (23), apply in this case such that it is not liable for the losses alleged in the complaint. (Dkt. 22. 7 at 10). These sections of the Act are exceptions to the waiver of immunity for a governmental entity's exercise of administrative, judicial, or quasi-judicial action; administrative inaction or inaction of a legislative, judicial, or quasi-judicial nature; an employee's conduct outside the scope of his official duties; and failure to enforce any law on the part of the governmental entity. S.C. Code Ann. § 15-78-60(1), (2), (3), (4), (17), (23). Defendant does not explain how the cited exceptions to the waiver of immunity apply in this case. As such, Defendant failed to meet its burden to prove the applicability of S.C. Code Ann. § 15-78-60 (1), (2), (4), (17), and (23) as an exception to waiver of immunity.

Defendant's motion to dismiss is denied as to this ground.

### B. 12(b)(6) Motion to Dismiss for Failure to State a Claim

Defendant moves to Dismiss Plaintiff's claim for violations of 42 U.S.C. § 1983 for failure to state a claim. Defendants argue that Plaintiff's § 1983 claims are inadequately pled because Plaintiff does not articulate the District's policies or practices which led to his injuries. (Dkt. No. 22 at 16-17). Plaintiff opposes on the ground that the Amended Complaint adequately identifies these policies. (Dkt. No. 31 at 11-13).

"Title 42 U.S.C. § 1983 is a federal statutory remedy available to those deprived of rights secured to them by the Constitution and, in a more sharply limited way, the statutory laws of the

United States." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "One alleging a violation of section 1983 must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." *Id*. (citing *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001)).

A municipality cannot be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978). Local governments can be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690. *Monell* claims can arise (1) through an express policy; (2) through the decisions of final policymakers; (3) through an omission, such as failure to properly train officers, that manifests deliberate indifferent to the rights of citizens; or (4) through persistent and widespread practices equating to the force of law. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

To prevail under a *Monell* claim, a plaintiff must point to a "persistent and widespread practice…of municipal officials," the "duration and frequency" of which indicate that policymakers (1) had constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference" *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 402 (4th Cir. 2014) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1386-91 (4th Cir. 1987)). Knowledge and indifference can be inferred from the extent of employees' misconduct. *Id*. at 1391. Sporadic or isolated violations of rights will not give rise to *Monell* liability; only "widespread or flagrant" violations will. *Id*. "Although prevailing on the merits of a *Monell* claim is difficult, simply

alleging such a claim is by definition easier." *Owens*, 767 F. 3d at 403 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570).

To survive a motion to dismiss under rule 12(b)(6), a complaint need only allege facts, which if true, "state a claim to relief that is plausible on its face." *Id*. At the motion to dismiss stage of the litigation, "the recitation of facts need not be particularly detailed, and the chance of success need not be particularly high*.*" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570). A plaintiff fails to state a claim only when he offers "labels and conclusions" or formulaically recites the elements of his § 1983 cause of action. *Id*. (citing *Iqbal*, 556 U.S. at 678).

Upon review of the Amended Complaint, Plaintiff adequately alleges policies, practices, or customs which caused Plaintiff's injuries. *See, e.g.*, (Dkt. No. 13 ¶ 62) (alleging that it was the official policy/custom of Defendants to "[fail] to adequately train or supervise its faculty in the use of appropriate, non-violent behavior intentions"); (*Id*. ¶ 61) (alleging Defendants condoned the practice of using physical force or restraint likely to harm students); (*Id*. ¶ 64) (alleging Defendants demonstrated deliberate indifference to Plaintiff's constitutional rights by failing to correct Defendant Garcia's misconduct.)

Accordingly, Defendants' motion to dismiss is denied on this point.

## IV.    Conclusion

For the reasons stated above, Defendant's motion to dismiss is **DENIED**. (Dkt. No. 22).

 s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

May 30, 2025
Charleston, South Carolina